# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## KANSAS CITY DIVISION

| | | |
|---|---|---|
| TAMMY ABBOTT | ) | |
| 8983 N. Farm Rd 53 | ) | |
| Walnut Grove MO 65770 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| vs. | ) | Division No. |
| | ) | |
| NCC BUSINESS SERVICES INC. | ) | |
| 3733 University Blvd W #300 | ) | |
| Jacksonville, FL 32217 | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

TAMMY ABBOTT (Plaintiff), by her attorneys, KROHN & MOSS, LTD., allege the following against the NCC BUSINESS SERVICES INC. (Defendant):

## INTRODUCTION

1. Plaintiff's Verified Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA). According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e).*

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff's damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

5. Because Defendant conducts business in the state of Missouri, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person who reside in Walnut Grove, Greene County, Missouri, and is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Defendant is a debt collector law firm and sought to collect a consumer debt from Plaintiff that was allegedly due and owing from Plaintiff, and Plaintiff is a "debtor" as that term is defined by defined by *15 U.S.C. § 1692a(3)*.

10. Defendant is a debt collector with an office in Jacksonville, Duval County, Florida.

11. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

*12.* Defendant is a debt collector that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by *15 U.S.C. § 1692a(6)*.

## FACTUAL ALLEGATIONS

13. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

14. Defendant calls Plaintiff from 502-493-5008.

15. Defendant called Plaintiff's home phone and also Plaintiff's work number.

16. Defendant stated to Plaintiff; "You are a terrible person and we are using a GPS tracker to locate you."

17. Defendant left subsequent voicemail messages that do not disclose that the call is from a debt collector.

18. Defendant callers hung up when Plaintiff answered the phone.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

a. Defendant violated *§1692d* of the FDCPA because Defendant engaged in harassing, oppressive, or abusive conduct every time Defendant called Plaintiff repeatedly or when Defendant said, "You are a terrible person and we are using a GPS tracker to locate you."

b. Defendant violated *§1692d(2)* of the FDCPA because Defendant engaged in abusive language by saying; "You are a terrible person and we are using a GPS tracker to locate you."

c. Defendant violated *§1692d(5)* of the FDCPA when Defendant caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

d. Defendant violated *§1692d(6)* of the FDCPA because Defendant engaged in harassing conduct every time Defendant hung up without disclosure of the caller's identity when Plaintiff answered the phone.

e. Defendant violated *§1692e* of the FDCPA because Defendant used false, deceptive or misleading representation in connection with the collection of the debt when it stated to Plaintiff, "You are a terrible person and we are using a GPS tracker to locate you."

f. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

20. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit A).

WHEREFORE, Plaintiff, TAMMY ABBOTT, respectfully requests judgment be entered against Defendant, NCC BUSINESS SERVICES INC., for the following:

VERIFIED COMPLAINT 4

21. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

22. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

23. Actual damages,

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

25. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: _____/s/ Patrick Cuezze_____
Patrick Cuezze
Attorneys for Plaintiff
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, TAMMY ABBOTT hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MISSOURI)

Plaintiff, TAMMY ABBOTT, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, TAMMY ABBOTT, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_6-25-09_
Date

_Tammy Abbott_
TAMMY ABBOTT

VERIFIED COMPLAINT

6

# EXHIBIT A

Case 6:09-cv-03238-JCE   Document 1   Filed 07/07/09   Page 7 of 8

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness      ~~YES~~ NO
2. Fear of answering the telephone      YES NO
3. Nervousness      ~~YES~~ NO
4. Fear of answering the door      YES NO
5. Embarrassment when speaking with family or friends      YES NO
6. Depressions (sad, anxious, or "empty" moods)      YES NO
7. Chest pains      YES NO
8. Feelings of hopelessness, pessimism      YES NO
9. Feelings of guilt, worthlessness, helplessness      YES NO
10. Appetite and/or weight loss or overeating and weight gain      YES NO
11. Thoughts of death, suicide or suicide attempts      YES NO
12. Restlessness or irritability      YES NO
13. Headache, nausea, chronic pain or fatigue      YES NO
14. Negative impact on my job      YES NO
15. Negative impact on my relationships      YES NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities:_____

_____
_____
_____
_____
_____
_____

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 6-25-09       _Tammy Abbott_
                     Signed Name

                     _Tammy Abbott_
                     Printed Name