IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Tammy Abbott, | Civil File No. 6:09-cv-03238-JCE |
| Plaintiff, | |
| vs. | DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT |
| NCC Business Services, Inc., | |
| Defendant. | |

COMES NOW Defendant NCC Business Services, Inc. ("NCC") for its Answer to Plaintiff's Complaint, states and alleges as follows:

1. Denies each and every matter, allegation and thing set forth in Plaintiff's Complaint except as hereinafter admitted, qualified or alleged.

2. In response to paragraphs 1 through 3 of the Complaint, admits that Plaintiff has asserted claims for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, but denies that NCC violated this statute in any way; to the extent that these paragraphs do not contain allegations against this Defendant, no response is required. Further, to the extent these paragraphs constitute legal conclusions, no response is necessary and the same are denied.

3. In response to paragraphs 4 through 7 of the Complaint, admits that Plaintiff has asserted claims for alleged violations of the FDCPA but denies all such allegations. Upon information and belief, personal jurisdiction would be established and venue would be proper based on the allegations in the Complaint. Defendant admits that Plaintiff asserts that declaratory relief is available but denies that Plaintiff is entitled to such relief.

4. In response to paragraph 8 of the Complaint concerning the identity of Plaintiff, lacks information as to Plaintiff's residence and asserts that the remaining allegations of the paragraph constitute a legal conclusion to which no response is necessary.

5. Admits generally the allegations contained in paragraphs 9 through 12 to the extent that it is alleged that NCC is a company with an office in Florida that sought to collect a debt from Plaintiff; alleges that the remaining allegations of these paragraphs constitute legal conclusions to which no response is necessary.

6. In response to paragraphs 13 through 18, admits only that NCC contacted Plaintiff to collect a debt; denies that it violated the FDCPA or state law through its contacts with Plaintiff.

7. In response to paragraphs 19 through 20 of the Complaint inclusive of the subparagraphs therein, incorporates all preceding paragraphs of this Answer, denies that NCC violated the FDCPA in any way; denies that Plaintiff is entitled to damages; lacks information sufficient to form a reasonable belief as to the allegations concerning any damages and emotional distress as alleged by Plaintiff and as set forth in Exhibit A to the Complaint and puts Plaintiff to her strict proof. To the extent the allegations in these paragraphs constitute legal conclusions, no response is necessary and the same are denied.

8. In response to the numerated paragraphs in Plaintiff's prayer for relief, incorporates all preceding paragraphs of this Answer; denies that Plaintiff is entitled to declaratory relief, statutory or actual damages, costs and attorney's fees; lacks information sufficient to form a belief as to Plaintiff's claim for actual damages and puts her to her strict proof. To the extent the allegations contained in these paragraphs constitute legal conclusions, no response is necessary and the same are denied.

9. Admits that Plaintiff's Complaint contains a demand for a jury trial and asserts that NCC is likewise entitled to and demands a jury trial on the issue properly tried to a jury.

10. Alleges that the Complaint fails to state a claim upon which relief may be granted, in whole or in part.

11. Alleges that even assuming a violation of the FDCPA, which is denied, Plaintiff's statutory damages are limited under the FDCPA.

12. Alleges that Plaintiff's claims were barred by the doctrines of estoppel, waiver and laches.

13. Alleges that if Plaintiff has suffered any damage, such were caused by the acts of or conduct of Plaintiff herself and not by NCC.

14. Alleges that if Plaintiff has suffered any damages, such were caused by others for whom this answering defendant has no control.

15. Alleges that Plaintiff assumed the risk of her conduct.

16. Alleges that Plaintiff failed to mitigate her claimed damages.

17. NCC reserves the right to assert other defenses as discovery proceeds.

**WHEREFORE**, Defendant NCC prays that Plaintiff take nothing by her pretended cause of action, that the lawsuit be dismissed with prejudice and on the merits, and that NCC be awarded its costs and disbursements incurred herein in responding to this action.

## DEMAND FOR JURY TRIAL

FRANKE SCHULTZ & MULLEN, P.A.

Dated: September 22, 2009

/s/Pamela J. Welch
Pamela J. Welch  #52821
8900 Ward Parkway
Kansas City, MO, 64113
Telephone: 816-421-7100
Fax: 816-421-7915

and

Michael A. Klutho  (License #53424)
BASSFORD REMELE, P.A.
33 S. Sixth Street, Suite 3800
Minneapolis, MN 55407
Telephone: 612-376-1619
Fax: 612-333-8829

***ATTORNEYS FOR DEFENDANT***

## CERTIFICATE OF SERVICE

I hereby certify that on the 22st day of September, 2009, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Patrick Cuezze
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
**ATTORNEY FOR PLAINTIFF**


  /s/Pamela J. Welch
Attorney for Defendant
Creditors Interchange Receivable
Management, LLC